# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER BIBBINS and<br>JORGE FLORES,<br><br>        Plaintiff,<br><br>v.<br><br>MCCARTHY, BURGESS &,<br>WOLFF, INC.,<br><br>        Defendant. | Case No. 16-cv-02829<br>(Related Case No. 16-cv-02350)<br><br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Jennifer Bibbins ("Bibbins") and Jorge Flores ("Flores") both move for summary judgment pursuant to Federal Rule of Civil Procedure 56 on their claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").[1] Defendant, McCarthy, Burgess & Wolff, Inc. ("MBW") filed a cross-motion for summary judgment pursuant to Flores' FDCPA and Illinois Collection Agency Act ("ICAA") claims. Having reviewed the Parties' submissions, for the foregoing reasons, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion is granted.

## Background

Plaintiffs, Bibbins and Flores, are both Illinois residents who entered into contracts with Verizon Wireless ("Verizon") for personal cell phone accounts. Of the many documents that were incorporated into the Verizon Service Contract, Flores agreed to the "My Verizon Wireless Customer Agreement," which provided the following information about payments for the services:

---

[1] Plaintiff also sought summary judgment on Defendant's Affirmative Defense of "*bona fide* error"; however, since Defendant withdrew the defense in its Response to Plaintiffs' Local Rule 56.1 Statement of Uncontested Material Facts, the issue is moot and will not be addressed.

> If you're a post-pay customer and we don't get your payment on time, we will charge you a late fee of up to 1.5 percent per month (18 percent per year) on the unpaid balance or a flat $5 per month, whichever is greater if allowed by law in the state of your billing address. . . . *If you fail to pay on time and Verizon Wireless refers your account(s) to a third party for collection, a collection fee will be assessed and will be due at the time of the referral to the third party.* The fee will be calculated at the maximum percentage permitted by applicable law, not to exceed 18%.

(Dkt. 60-4)(emphasis added). Verizon provided customers with a Spanish translation of the service agreement on the website. While Defendant contends that Bibbins signed the same agreement, Bibbins' contract was not included with any of the Parties' filings.

Flores now disputes that he read and understood the terms of the agreement with Verizon due to his inability to speak and read English fluently. Flores, originally a Mexican Citizen, came to the United States in 1982 and has been living and working here since. He was nationalized in 1998. During Flores' deposition, he was provided a Spanish-English interpreter. When asked about his Verizon Agreement, Flores recognized the document and affirmed that he signed it with the understanding that it was his agreement with Verizon as to the phone account. (Dkt. 60-5). He also acknowledged that he reviewed the provision of the contract discussing unpaid balances and potential collection fees. *Id.*

Over time, both Plaintiffs incurred debts with Verizon that they were unable to pay and so, their accounts went into default. Defendant, MBW, is an Ohio Corporation that does business in Illinois as a debt collector. Verizon calculated the amounts due and hired Defendant to collect Plaintiffs' debts on their behalf. Plaintiffs both consulted with and retained legal aid attorneys to assist with the management of their debts. Both Plaintiffs purchased their credit reports to investigate the alleged debt. The report indicated that on December 31, 2015, Flores owed Verizon a balance of $3,087.00.

On April 3, 2015 MBW mailed Bibbins a collection letter that included an account number, the name of the creditor, and her account balance of $1559.51 and a collection charge of $281.71—

18% of the principal balance. MBW mailed Flores a similar collection letter that indicated he owed a balance of $3,087.10 and a collection fee of 18% of the principal, $555.67. Although they were not directed to do so by Verizon, MBW included the following statement in the letter to Bibbins:

> While we cannot give you tax advice, our client may file information returns with the IRS on IRS Form 1099-C for the cancellation of $600 or more of the principal of a debt.

(Dkt 55, Ex. C.). This provision was not included in the letter to Flores. (Dkt. 60-1). MBW did not file an IRS Form 1099-C for discharged debts and is unaware of whether Verizon did after the letter was sent to Bibbins. Only a copy of the letter to Flores was included in the Parties' filings.

In nearly identical complaints both Plaintiffs brought actions, that were later consolidated, alleging that MBW violated several provisions of FDCPA and ICAA. Bibbins and Flores provided declarations stating that because of Defendant's "deceptive and misleading collection activity" they have "suffered stress, aggravation, and humiliation." (Dkt. 57-1, Ex. A and B). Defendant contests that they suffered any harm.

## Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also* Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and if done, judgment as a matter of law should be granted in its favor. *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). "To determine whether genuine issues of material fact exist, we ask if 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 449 (7th Cir. 2013) (citing *Anderson*, 477 U.S. at 251-52). All evidence

3

and inferences must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**Discussion**

*Fair Debt Collection Practices Act*

Plaintiff, Bibbins, individually alleges that she is entitled to summary judgment as to the FDCPA claim because MBW violated 15 U.S.C. §§ 1692e(5) and (10) by falsely and deceptively including in the April 3, 2015 letter that her debt may be reported to the IRS, but not identifying the exceptions to such reporting. Additionally, both Plaintiffs seek summary judgment on the FDCPA claim for Defendant attempting to collect impermissible collection fees in violation of 15 U.S.C. §§ 1692e (2)(B), (5), and (10), as well as § 1692f. Defendant's cross-motion for summary judgment as to Flores' claim argues that Flores failed to prove that MBW violated either FDCPA or ICAA by trying to recoup its permissible collection fee.

<u>Misleading Language</u>

Debt collectors cannot take misleading actions in connection with debts, such as threatening to take impermissible actions, or making false representations to coerce payment. 15 USC §1692e(5) and (10). Bibbins believes that MBW violated the aforementioned provisions of FDCPA when it included language about the possibility that the debt would be reported to the IRS because such a statement, absent an explanation of its exception, would have deceived the unsophisticated consumer. Since MBW did not intended to take the stated action, nor have the authority to do so anyway, making such a misrepresentation would have deceived an unsophisticated consumer to believe she would suffer tax consequences if the debt went unpaid. Whether a debt collection letter is false, deceptive, or misleading under the FDCPA is a question of fact, and in determining a violation, courts must view the collection letter through the eyes of the unsophisticated consumer. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007).

4

Statements alleged to be false or misleading under FDCPA may fall into three categories—(1) plainly not misleading or deceptive, where courts determine the legality of the statement; (2) possibly misleading to an unsophisticated consumer, which requires the plaintiffs to provide extrinsic evidence to prove its misleading; and (3) the clearly confusing statement, where courts can award summary judgment on its face. *Ruth v. Triumph P'Ships*, 577 F.3d 790, 800 (7th Cir. 2009). Bibbins contends that Defendant's statement is confusing on its face. The Court disagrees. On its face, the statement is factually correct, as reporting to the IRS is sometimes required for discharge of a debt above $600. *Sledge v. Sands*, 182 F.R.D. 255, 260 (N.D. Ill. 1998)(Bucklo, J.). Further, courts have found that the inclusion of statements that implicate the possibility of reporting are not deceptive on their face, as they do nothing more than give forewarning that something could happen. *Moses v. LTD Fin. Servs. I*, 275 F. Supp. 3d 893, 897 (N.D. Ill. 2017)(Feinerman, J.); *see generally Taylor v. Cavalry Investments*, L.L.C., 365 F.3d 572 (7th Cir. 2004)(finding that the provision was not deceptive because it said that the creditors *might* take action). Additionally, courts have found that the failure to list exceptions does not render the statement facially deceptive either. *Id.*

Given the veracity of the statement and MBW's use of "may" to suggest the possibility that Verizon would report a cancellation in excess of $600, the letter is not clearly deceptive. Accordingly, it must fall into one of the other categories—not deceptive as a matter of law or possibly misleading, which requires a demonstration of extrinsic evidence to prove a violation of FDCPA. As Bibbins has not offered extrinsic evidence of how the statement could be confusing to an unsophisticated consumer, a question of material fact remains that precludes summary judgment in Plaintiff's favor. Accordingly, Plaintiff's motion is denied with respect to the claim that this statement was misleading and in violation of FCDPA.

Collection Fee

Both Plaintiffs contend that they should prevail because the Verizon agreement was an unconscionable adhesion contract that required an excessive collection fee. They now seek summary judgment because Defendant's attempt at collecting the allegedly impermissible fee violated FDCPA. Defendant's cross-motion seeks summary judgement with respect to Flores only because they argue that since MBW was entitled to the 18% collection fee, it was permissible to mention it in the collection letter.

While generally agreements with boilerplate language and terms exclusively dictated by one party are regarded as unenforceable, adhesion contracts, courts have upheld preprinted contracts in cases where the disadvantaged party retained the option to reject the contract with impunity. *See ex. John v. .TV Corp. Int'l*, 245 F. Supp. 2d 913, 919 (N.D. Ill. 2003) (Manning, J.)(citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991).

Here, Flores admitted to having the opportunity to review the materials upon signing up with Verizon and that he understood the agreement before acquiring the account. Although Verizon did exclusively set the terms of the service agreement, Flores still had the option to reject the agreement and go to another service provider. Instead, having access to both the English and Spanish versions of the agreement, he chose to accept Verizon's terms of service. Consequently, the contract is valid and enforceable. The Court is also not convinced by Plaintiff's arguments that the 18% collection fee included in the contract was usurious pursuant to 815 ILCS 205/4 because that statute places a cap on loan interest rates. The collection fee in question is not a surreptitious attempt to apply an excessive interest to the debt, as it was consistently labeled a collection fee in the contract and collection letter that could only be recouped once by the debt collector.

A debt collector is permitted to collect fees in connection with a debt if "such amount is expressly authorized by the agreement creating the debt." 15 USCS § 1692f(1). Since the fee was

6

lawfully permitted by the Verizon Service Agreement, simply including it in the collection letter should not violate FDCPA so long as the Defendants adhere to their obligation to fairly and clearly communicate information about the amount of the debt to debtors. *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004). Having reviewed the Flores letter, the Court finds that the collection fee was clearly and fairly communicated as it was in a separate, labeled column from the total debt owed. *See Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 598 (7th Cir. 2004). Additionally, the letter provided Plaintiff with the number to an assistance line to clarify the contents of the letter if necessary. As the fee was permissible and fairly included in the collection letter, this Court is convinced that the evidence does not support a violation. Plaintiff Flores Motion for Summary Judgment as to Count I is denied and Defendant's Motion for Summary Judgment is granted as to Flores' unfair collection of fees claim.

Turning now to Bibbins, the Court finds that Plaintiffs have not alleged sufficient evidence to support a summary judgment in their favor. Bibbins did not provide the contract to which she agreed; any evidence that she reviewed and understood the contract; nor did she provide the collection letter for this Courts review. As this critical factual information is absent, this Court cannot decide this issue in her favor. Accordingly, Plaintiff, Bibbins' Motion for Summary Judgement is denied as to her claim that MBW violated FDCPA by attempting to collect excessive fees.

*Illinois Collection Agency Act*

Count II of Plaintiff, Flores' Complaint alleges that MBW violated ICAA because it attempted to collect fees in excess of Plaintiff's debt to Verizon without having a right to those fees. Defendant now seeks summary judgment on this claim because the Verizon customer agreement permitted the collection fee.

Under ICAA, a creditor is prohibited from collecting or attempting to collect any fees in excess of the actual debt "unless such . . . fee is expressly authorized by the agreement creating the debt." 225 ILCS 425/9(a)(33). Under the facts of this case, the aforementioned collection fee cannot constitute a violation of ICAA because it was authorized by the agreement Flores willingly entered into with Verizon. The collection fee properly falls within the 225 ILCS 425/9(a)(33) exception. Accordingly, Defendant is entitled to summary judgement in its favor for Count II as to Flores.

**Conclusion**

Based on the discussion above, this Court denies Plaintiff's Motion for Summary Judgment entirely and grants Defendant's Motion for Summary Judgment with respect to Flores' two claims. IT IS SO ORDERED.

ENTERED: SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 3/29/2018